# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**EDMOND McCLINTON**                                              **PLAINTIFF**

v.                       **CASE NO. 5:14CV00097 BSM**

**JEFFERSON COUNTY et al.**                                    **DEFENDANTS**

## ORDER

The request of *pro se* plaintiff Edmond McClinton, an Arkansas Department of Correction ("ADC") inmate, to proceed *in forma pauperis* ("IFP") [Doc. No. 10] is granted and his motion for extension of time to file a complete IFP application [Doc. No. 8] is denied as moot.

### I. *IFP* APPLICATION

Prisoners who are allowed to file civil actions IFP must still pay the $350.00 filing fee. 28 U.S.C. §1915(b)(1). If a prisoner is unable to pay the initial filing fee, the fee will be withdrawn from the prisoner's inmate trust account in monthly installments. 28 U.S.C. § 1915(b)(1)-(2).

In this case, the calculation sheet attached to McClinton's application shows that he has an average monthly deposit of $20.83 in his prison account. Based on this information, an initial partial filing fee of $4.17 has been assessed. McClinton's custodians are obligated to collect the initial partial fee as well as monthly payments equal to 20% of the preceding month's income credited to McClinton's prison trust account each time the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full. Payments should be sent

to the clerk of the court and must be labeled with the name and number assigned to this action.

The clerk of the court is directed to send a copy of this order to: (1) the Arkansas Department of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; (2) the Arkansas Department of Correction Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612; and (3) the Warden of the Cummins Unit, Post Office Box 500, Grady, Arkansas 71644.

McClinton is also notified that Rule 5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas requires *pro se* litigants to (1) promptly notify the court and the other parties in the case of any change of address; (2) to monitor the progress of the case; and (3) to prosecute or defend the action diligently. Moreover, he should be aware that the rule further provides that the failure of a *pro se* plaintiff to respond to any communication from the court within thirty (30) days may result in dismissal of the plaintiff's case. Finally, any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure as well as the Local Rules of this court. A copy of the Local Rules may be obtained from the District Clerk for the Eastern District of Arkansas.

## II. SCREENING

For screening purposes, McClinton has stated due process claims against Gerald Robinson and Greg Bolin. Accordingly, service is proper for defendants Robinson and Bolin.

The clerk of court is directed to prepare a summons for defendants Robinson and Bolin.  Sgd United States Marshal is directed to serve copies of the complaint and the amended complaint, with any attachments [Doc. Nos. 2 & 3], and summonses for these defendants without requiring prepayment of fees and costs, or the posting of security. Service for these defendants should be through the Jefferson County Sheriff's Office, 101 East Barraque Street, Pine Bluff, Arkansas 71601.

McClinton's pending motions for service [Doc. Nos. 5, 6, & 11] are denied as moot. Further, his motion for default judgment [Doc. No. 14] is denied as premature, as the defendants have not yet been served.

Service is not appropriate for Jefferson County.  In his complaint, McClinton names the defendants in both their official and individual capacities.  His claims against the defendants in their official capacities are actually claims against the county. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010).  Accordingly, it is not necessary that Jefferson County be named as a separate defendant, and Jefferson County is terminated as a party.

Moreover, service is not appropriate for Chief Prosecuting Attorney S. Kyle Hunger or Deputy Prosecutor Karres Manning.  "Prosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). This immunity shields prosecutors from liability for actions taken to initiate a prosecution, "even if those actions are patently improper." *Id*.  Therefore,  McClinton's claims against defendants Hunger and Manning are dismissed.

## III.  REMAINING MOTIONS

McClinton has also filed two motions for copies. [Doc. Nos. 9 & 12].  In the first motion, he requests copies of his habeas corpus petition in a different lawsuit.  That petition was not filed in this lawsuit.  Accordingly, the motion [Doc. No. 9] is denied.

In the second motion, his request for a copy of Doc. No. 8 [Doc. No. 12] is granted. The clerk of the court is directed to provide a copy of Doc. No. 8 along with a copy of this Order.

Finally, McClinton has filed a "motion to establish relief" [Doc. No. 13].  In that motion, McClinton includes further allegations related to the claims raised in his complaint and amended complaint. McClinton moves for a judgment in his favor.  Because the defendants have not yet been served with this lawsuit, and the parties have not had the opportunity to engage in discovery, McClinton's motion [Doc. No. 13] is denied as premature.

IT IS SO ORDERED this 9th day of September 2014.

_____
UNITED STATES DISTRICT JUDGE